**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
ATLANTA DIVISION

In re <u>Chester Paul Ramagos , Dana Latrice Ramagos</u>         Case No.     <u>17-69050</u>
                                                                  Chapter 13

## AMENDED CHAPTER 13 PLAN

Extension ☑                                           Composition ☐

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. Plan Payments and Length of Plan. Debtor will pay the sum of ~~$1,250.00~~ <u>$1,800.00</u> per month to Trustee by ☑ Payroll Deduction(s) or by ☐ Direct Payment(s) for the applicable commitment period of <u>60</u> months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:
   ☑ IF CHECKED, Plan payments will increase by <u>$78.00</u> on <u>January 2019</u>
   upon completion or termination of <u>401k loan</u>.
   Plan payments will increase by <u>$117.00</u> on <u>September 2019</u>
   upon completion or termination of <u>401k loan</u>.
   Plan payments will increase by <u>$111.00</u> on <u>October 2019</u>
   upon completion or termination of <u>401k loan</u>.
   Plan payments will increase by <u>$27.00</u> on <u>December 2019</u>
   upon completion or termination of <u>401k loan</u>.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

   (B). Debtor's Attorneys' Fees. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of <u>4,360.00 (Fees/Costs consist of: $4,050.00 Attorney Fees and $310.00 Filing Fee)</u> for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of <u>$ 0.00</u> was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, <u>4,360.00</u> as allowed under General Order 22-2017, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to <u>$4,360.00</u> after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The Trustee shall

to $ 610.00 _per month until the fees are paid in full;(2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $ 2,500.00  (amount not to exceed $2,500.00); (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $ 2,500.00   as set forth on the 2016(b) disclosure statement (amount not to exceed $2,500.00) are allowed pursuant to General Order 22-2017 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,500.00 within 14 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available.

Debtor(s) and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non base services" as they are performed on an as-needed basis. These "non-base services," in addition to the corresponding fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement found in the case.  Upon completion of a "non-base service," Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter.  If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph (B), above.  If the base fee has been paid in full, then the fee shall be paid up to $610.00 __per month and the distributions to creditors shall be reduced, pro rata, by the amount until the additional fee is paid in full.

5. **Priority Claims.**

   (A) **Domestic Support Obligations.**

   [✓] None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   [✓] None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   [ ] None; or

*CPR*    *DLR*

Doc ID: 2954d40c04b93b2598d3e151d071ae77986ef063

Claimant and proposed treatment.

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| Internal Revenue Service | $4,500.00 |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| NCEP, LLC by AIS Data Services, LP as agent | Nissan Maxima 2011 | $150.00 |
| Americredit Financial Services, dba GM Financial | Nissan Titan 2011 | $150.00 |
| Capital One Auto Finance | Chevrolet Malibu 2013 | $250.00 |

*Adequate Protection, as amended herein, shall be retroactive to the date of petition filing.

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

*CPR*      *DLR*

☐ None; or

Doc ID: 2954d40c04b93b2598d3e151d071ae77986ef063

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Capital One Auto Finance | Chevrolet Malibu 2013 | 9/17/2013 | $18,612 | 15.93% | $250 increasing to $462 September 2018 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| NCEP, LLC by AIS Data Services, LP as agent | Nissan Maxima 2011 | 5/26/2012 | $7,395.00 | 5.25 % | $150.00 increasing to $300.00 September 2018. |
| Americredit Financial Services, dba GM Financial | Nissan Titan 2011 | 8/20/2011 | $10,400.00 | 5.25 % | $150.00 increasing to $400.00 September 2018. |
| ~~Capital One Auto Finance~~ | ~~Chevrolet Malibu 2013~~ | ~~9/17/2013~~ | ~~$10,200.00~~ | ~~6.75 %~~ | ~~$250.00 increasing to $460.00 September 2018.~~ |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| -NONE- | | | |

*CPR*

*DLR*

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose

collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| -NONE- | |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is   $27,233.16   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of    $0.00    or    100.00    % , whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).
Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| Cortland Partners | Residential Lease | $0.00 | $0.00 |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of
this case, unless the Court orders otherwise.

10. **Other Provisions:**

    (A). **Special classes of unsecured claims.**

    (B). **Other direct payments to creditor.**

    (C). **Other allowed secured claims:**

A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with ___5%_____ interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non- administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

*DLR*
*CPR*

Doc ID: 2954d40c04b93b2598d3e151d071ae77986ef063

(D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f).**

The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

(E). **Other Provisions:**

> The Chapter 13 Trustee shall not fund Debtor's student loans through the plan. Debtor's student loans are in deferment. If the Debtor's deferment ends during the pendency of the instant case, the Debtor will pay the student loans directly.

| | |
|---|---|
| Date to:    August 17, 2018 | *Chester P Ramagos*    Chester Ramagos |
| | Signature of Debtor |
| /s/ Kelsey A. Makeever 371499 | Dana Ramagos    *Dana L Ramagos* |
| Debtor's Attorney | Signature of Joint Debtor |

*CPR*

*DLR*

*DLR*

Doc ID: 2954d40c04b93b2598d3e151d071ae77986ef063

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    {        CHAPTER 13
                                          {
**CHESTER PAUL RAMAGOS** and              {        **CASE NO. 17-69050** - LRC
**DANA LATRICE RAMAGOS,**                 {
                                          {
DEBTORS.                                  {

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I am more than 18 years of age, and that on this day; I served a copy of the foregoing amended Chapter 13 plan upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

**Chester Paul Ramagos**
**Dana Latrice Ramagos**
1413 Preston Park Drive
Duluth, GA 30096


(*see Creditor Mailing Matrix annexed hereto*)


I further certify that, by agreement of parties, Melissa J. Davey, standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.


Done, this 18th day of August 2018

/s/_____
Kelsey Makeever
Ga. Bar No. 371499
The Semrad Law Firm, LLC
303 Perimeter Center North
Suite 201
Atlanta, Georgia 30346

```
Label Matrix for local noticing            (p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN    (p)CREDITORS BANKRUPTCY SERVICE
113E-1                                     PO BOX 183853                                     PO BOX 800849
Case 17-69050-lrc                          ARLINGTON TX 76096-3853                           DALLAS TX 75380-0849
Northern District of Georgia
Atlanta
Thu Jul 12 07:51:19 EDT 2018

Capital One Auto Finance                   Capital One Auto Finance                          Capital One Auto Finance, c/o AIS Portfolio
P.O. Box 165028                            PO Box 201347                                     4515 N Santa Fe Ave. Dept. APS
Irving, TX 75016-5028                      Arlington, TX 76006-1347                          Oklahoma City, OK 73118-7901


Craig A Cooper                             Cortland Partners                                 Melissa J. Davey
The Semrad Law Firm, LLC                   3424 Peachtree Road                               Melissa J. Davey, Standing Ch 13 Trustee
Suite 201                                  Suite 300                                         Suite 200
303 Perimeter Center North                 Atlanta, GA 30326-2818                            260 Peachtree Street, NW
Atlanta, GA 30346-3425                                                                       Atlanta, GA 30303-1236


Department of Justice, Tax Division        First Financial Asset                             (p)GEORGIA DEPARTMENT OF REVENUE
75 Spring Street SW                        P O BOX 12206                                     COMPLIANCE DIVISION
Civil Trial Section, Southern              KNOXVILLE, TN 37912-0206                          ARCS BANKRUPTCY
Atlanta, GA 30303-3315                                                                       1800 CENTURY BLVD NE SUITE 9100
                                                                                             ATLANTA GA 30345-3202


Michael Andrew Graves                      Megan Elaine Harsh                                Internal Revenue Service
The Semrad Law Firm, LLC                   The Semrad Law Firm                               PO Box 7346
Suite 201                                  Suite 201                                         Philadelphia, PA 19101-7346
303 Perimeter Center N                     303 Perimeter Center
Atlanta, GA 30346-3425                     Atlanta, GA 30346-3425


Internal Revenue Service - Atl             Craig B. Lefkoff                                  NCEP, LLC by AIS Data Services, LP as agent
401 W Peachtree St NW M/S 334D             Lefkoff, Rubin, Gleason & Russo, PC               P. O. Box 201347
Atlanta, GA 30308                          Suite 900                                         c/o Marian Garza
                                           5555 Glenridge Connector                          Arlington, TX 76006-1347
                                           Atlanta, GA 30342-4762


NCEP, LLC by AIS Portfolio Services, LP as a    NCEP, LLC, c/o AIS Portfolio Services, LP    (p)NISSAN MOTOR ACCEPTANCE CORPORATION
P.O. Box 165028                            P.O. Box 165028                                   LOSS RECOVERY
Irving, TX 75016-5028                      Irving, TX 75016-5028                             PO BOX 660366
                                                                                             DALLAS TX 75266-0366


Office of Attorney General                 PIONEER MCB                                       Quantum3 Group LLC as agent for
40 Capitol Sq Sw                           41 Douglas Dr #101                                MOMA Funding LLC
Atlanta, GA 30334-9057                     Oceanside, CA 92058-7866                          PO Box 788
                                                                                             Kirkland, WA  98083-0788


Quantum3 Group LLC as agent for Comenity Ban    Chester Paul Ramagos                         Dana Latrice Ramagos
PO Box 788                                 1413 Preston Park Dr                              1413 Preston Park Dr
Attn: Dharminder S. Sandhu                 Duluth, GA 30096-8826                             Duluth, GA 30096-8826
Kirkland, WA 98083-0788


Santander Consumer USA                     Special Assistant U.S. Attorney                   U. S. Attorney
ATT POC: Janiscia Jackson PO Box 961245    401 W. Peachtree Street, NW, STOP 1000-D          600 Richard B. Russell Bldg.
Fort Worth, TX 76161-0244                  Atlanta, GA 30308                                 75 Ted Turner Drive, SW
                                                                                             Atlanta GA 30303-3315
```

| | | |
|---|---|---|
| U.S. Department of Education<br>C/O Nelnet<br>121 South 13th Street, Suite 201<br>Lincoln, NE 68508-1911 | U.S. Department of Education C/O Nelnet<br>121 S 13th St<br>Attn: Jordan Ratterree<br>Lincoln, NE 68508-1904 | United States Attorney's Office<br>75 Spring Street, S.W., Suite 600, U.S.<br>Atlanta, GA 30303-3309 |
| Verizon<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 | Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 | WELLS FARGO BANK<br>Po Box 24605<br>West Palm Bch, FL 33416-4605 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AmeriCredit Financial Services, Inc.<br>P O Box 183853<br>Arlington, TX 76096 | (d)AmeriCredit Financial Services, Inc.<br>dba GM Financial<br>P O Box 183853<br>Arlington, TX 76096 | (d)Americredit Financial Services, dba GM Fin<br>Po Box 183853<br>James Hogan, Jr<br>Arlington, TX 76096 |
| Army & Air Force Exchange Services<br>Attention: GC-G<br>3911 S. Walton Walker Blvd.<br>Dallas, TX 75236 | GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>BANKRUPTCY SECTION<br>1800 CENTURY BLVD. NE, SUITE 9100<br>ATLANTA, GEORGIA 30345-3205 | (d)Georgia Department of Revenue<br>1800 Century Boulevard<br>c/o T Truong<br>Atlanta, GA 30345 |
| Nissan Motor Acceptance<br>8900 Freeport Pkwy<br>Attn: Aimee Cobb<br>Irving, TX 75063 | End of Label Matrix<br>Mailable recipients    35<br>Bypassed recipients     0<br>Total                  35 | |